JOHN DOE, a pseudonym, Plaintiff–Appellant, v. **KAHALA DENTAL GROUP**, a sole proprietorship, **RYAN MAEHARA, D.D.S.,** and **EDWARD G. MAEHARA, D.D.S.,** Defendants–Appellees

NO. 14647

(CIV. NO. 89–3436–11)

APRIL 15, 1991

PADGETT, ACTING C.J., WAKATSUKI, AND MOON, JJ., AND INTERMEDIATE COURT OF APPEALS CHIEF JUDGE BURNS, IN PLACE OF LUM, C.J., RECUSED, AND CIRCUIT JUDGE HUDDY, IN PLACE OF HAYASHI, J., RECUSED

OPINION OF THE COURT BY PADGETT, ACTING C.J.

In this case, appellant filed a five–count complaint and appellees answered. Appellant designated himself by the pseudonym John Doe, and claims that such a procedure is authorized by HRS § 325–101. While we have very substantial doubt that HRS § 325–101 authorizes the procedure used in this case, a determination of that issue is not necessary to a determination of the case.

Appellant's claims are founded upon a contention that he has stated a claim for relief under HRS Chapter 489. What appellant is alleging in substance, is that on October 16, 1989 the appellees refused him further dental care and treatment until he provided information from his treating physician as to whether or not he had the HIV virus.

The court below dismissed the case, holding that in order to have standing to bring a case based upon discrimination in public accommodations by reason of a handicap, the person must prove that he or she had the handicap in question. With that proposition, we do not agree. If a person is discriminated against in public accommodations because the furnisher of the accommodations *believes* the person to be handicapped, then the person discriminated against can bring an action whether or not he or she has the handicap.

However, we affirm the judgment below because, in our view, no claim for relief was stated in the complaint.

The essential allegations of the complaint appear in paragraphs 10 through 18. What they indicate is that the appellees Maehara, before furnishing appellant additional dental services,

demanded that appellant allow his treating physician to release information to the appellees as to whether appellant was or was not infected by the HIV virus. Paragraphs 12 and 17 allege that appellees Maehara were concerned because the proposed work involved blood, and if appellant were infected with the HIV virus, additional precautions would be necessary, or else appellant would have to be referred to other dental clinics which were properly equipped to handle such a situation. In our view, the complaint, fairly read, alleges that appellant was refused dental services, not because of a handicap, but because he refused to furnish medical information which the care providers, as dentists, felt was pertinent to the treatment to be rendered.

There is no allegation in the complaint that the inquiry as to appellant's HIV status was made in bad faith, or as a subterfuge, or was not pertinent to the treatment to be rendered. Even if an asymptomatic HIV viral infection is a handicap under the statute, a question which certainly is not free from doubt, nevertheless, as alleged in paragraph 17 of the complaint:

> [RYAN] MAEHARA further informed Plaintiff DOE that unless he received confirmation of his HIV status, MAEHARA and KAHALA DENTAL would not be able to do any work that involved blood, including a root canal or a crown. MAEHARA informed Plaintiff DOE that based on the information received, KAHALA DENTAL GROUP would need to take different precautions. If KAHALA DENTAL GROUP was unable to do the work, Plaintiff DOE would be referred to other dental clinics, such as the Queen Emma Clinic and St. Francis, that treat HIV seropositive patients.

Thus, it is clear that the October 16 prospective refusal of services was based, not upon appellant's having a handicap, but upon appellant's refusal to furnish information as to his physical condition. In our view, therefore, the complaint failed to state a claim

upon which relief could be granted and the judgment below is therefore affirmed.

*Kirk H. Cashmere* (*David S. Brustein* with him on the briefs; American Civil Liberties Union of Hawaii Foundation, of counsel) for appellant.

*John S. Nishimoto* (*Calvin E. Young* and *Patricia T. Fujii* with him on the brief; Libkuman, Ventura, Ayabe, Chong & Nishimoto) for appellees.